IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED: JULY 18, 2008
08CV4081
JUDGE GOTTSCHALL
MAGISTRATE JUDGE VALDEZ
RCC

| | |
|---|---|
| JOSEPH GARCIA, | ) |
| *Plaintiff,* | ) No. 08 CV ____ |
| -vs- | ) *(jury demand)* |
| SHERIFF OF COOK COUNTY, and COOK COUNTY, ILLINOIS | ) |
| *Defendants.* | ) |

## COMPLAINT

Plaintiff, by counsel, alleges as follows:

1. This is a civil action arising under 42 U.S.C. §1983. The jurisdiction of this Court is conferred by 28 U.S.C. §1343.

2. Plaintiff Joseph Garcia is a resident of the Northern District of Illinois.

3. Defendants are the Sheriff of Cook County and Cook County, Illinois. The Sheriff is sued in his official capacity only.

4. On or about April 30 2006, while a pre-trial detainee in the custody of defendant Sheriff at the Cook County Jail, plaintiff fell and suffered serious personal injuries.

5. Plaintiff fell as a result of the deliberate indifference of defendant Sheriff to unreasonably dangerous stairs at the jail.

6. Immediately after incurring the above referred injury, plaintiff was taken to a hospital emergency room, where plaintiff was diagnosed with

- 2 -

multiple fractures of an ankle.

7. Thereafter, a physician prescribed crutches for plaintiff.

8. At all times relevant, there was in force and effect an official policy of defendant Sheriff which authorized correctional officers to disregard a physician's prescription that a prisoner receive crutches.

9. As a result of the above referred policy:

   a. Plaintiff was not permitted to use crutches following his return to the general population,

   b. Plaintiff was required to hop up and down stairs, and

   c. Plaintiff incurred additional injuries to his ankle, requiring surgery and the insertion of mechanical devices into his ankle.

10. Plaintiff remained in a hospital for about two following his ankle surgery.

11. At all times relevant, there was in force and effect an official policy of defendant Sheriff which required the shackling of prisoners who were receiving medical treatment outside of the Cook County Jail.

12. The above described policy was applied to plaintiff, who was shackled to his hospital bed following his ankle surgery.

13. Plaintiff was thereafter returned to the jail, and received a prescription for crutches, physical therapy, and high top gym shoes.

14. As a result of official policies of defendant Sheriff, plaintiff did not receive the above referred prescribed items.

15. As a result of the foregoing, plaintiff suffered physical injury and underwent great pain and suffering.

16. Plaintiff demands trial by jury.

Wherefore plaintiff requests that the Court enter judgment in his favor and against defendants in an amount in excess of one hundred thousand dollars as compensatory damages.

*/s/ Kenneth N. Flaxman*

_____

KENNETH N. FLAXMAN
ARDC No. 830399
200 South Michigan Avenue
Suite 1240
Chicago, Illinois 60604-2430

(312) 427-3200 (phone)
(312) 427-3930 (fax)
knf@kenlaw.com (email)


THOMAS G. MORRISSEY
10249 South Western Avenue
Chicago, Illinois 60643

(773) 233-7900 (phone)
(773) 239-0387 (fax)
tgmlaw@ameritech.net

*attorneys for plaintiff*